# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00156-MR
# [CRIMINAL CASE NO. 4:96-cr-00056-MR-1]

| | |
|---|---|
| TIMOTHY LAMONT RUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Resentencing [CV Doc. 22][1]; Petitioner's second Motion for Resentencing [CV Doc. 23]; and Petitioner's "Motion of Rebuttal for Time Extension for the Government" [CV Doc. 24].

## I.    BACKGROUND

Petitioner was convicted by plea on one count of conspiracy to commit a robbery in violation of 18 U.S.C. § 1951, one count of robbery in violation of 18 U.S.C. § 1951, and one count of using a firearm in furtherance of a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00156-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 4:96-cr-00056-MR-1.

crime of violence in violation of 18 U.S.C. §§ 924(c), 2. [CR Doc. 68]. The Court sentenced Petitioner to a total of 360 months' imprisonment. [Id.]. The Petitioner unsuccessfully appealed the Court's judgment. [CR Docs. 70, 80, 81]. The Fourth Circuit also denied Petitioner's later request for mandamus relief. [CR Doc. 98]. Plaintiff has previously filed four unsuccessful Section 2255 petitions challenging his conviction and sentence.

On June 6, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In the motion to vacate, Petitioner contends that his Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner asserts that his Hobbs Act offense likewise cannot support his § 924(c) conviction and such conviction must be vacated. [Id.]. On June 16, 2016, another Section 2255 motion to vacate, also based on Johnson, was filed by the Federal Defenders of North Carolina on Petitioner's behalf. [Doc. 4]. Because Petitioner had previously filed unsuccessful Section 2255 motions, he sought and obtained authorization from the Fourth Circuit to file a second or successive motion. [Id.; CR Doc. 133].

On August 24, 2016, this Court granted the Government's motion to stay this action pending a decision by the Fourth Circuit Court of Appeals in

2

the cases of United States v. Ali, No. 15-4433 (4th Cir.) and United States v. Simms, No. 15-4640 (4th Cir.). On February 19, 2019, this Court granted the Government's motion to continue holding this case in abeyance pending a decision by the United States Supreme Court in United States v. Davis, No. 18-431 (cert. granted Jan. 4, 2019). [Doc. 16]. The Court also ordered that the Government would have 60 days from the date the Supreme Court issues its decision in Davis within which to file its response in this matter. [Id.]. On May 20, 2019, the Court granted Petitioner's motion to terminate the Federal Defenders' representation of Petitioner. [Doc. 19].

On June 5, 2019, Petitioner filed a "Motion for Resentencing" ("First Motion"). [Doc. 22]. In Petitioner's First Motion, which was filed before Davis was decided, Petitioner states that he "would like to put this respected court on notice that when the Supreme Court rules in the Davis case [for] which Mr. Ruff's motion [to vacate] was placed in abeyance Mr. Ruff would like to further challenge his illegal sentence that was based off the 924(c) charge." [Doc. 22 at 1]. Specifically, Petitioner argues that:

> The gun that Mr. Ruff is charged with the government never established a nexus of the guns to the alleged robbery that Mr. Ruff was charged with nor did the government establish[ ] if Mr. Ruff ever knew or had possession of the guns that Mr. Ruff is charged with the only thing the government can prove is the guns [were] recovered from Mr. Ruff's suitcase.

3

[Id.].

On June 24, 2019, the Supreme Court issued its decision in Davis. United States v. Davis, No. 18-431, --- S. Ct. ---, 2019 WL 2570623 (June 24, 2019). On June 25, 2019, the Court entered a text order lifting the stay in this case and instructing the Government that it had until August 23, 2019 to file a response in this matter.

On July 1, 2019, Petitioner filed a second "Motion for Resentencing" ("Second Motion"), in which Petitioner notes that the Supreme Court issued a decision in Davis on June 24, 2019, and that Petitioner will seek $1 million for every day he is in custody after that date. Petitioner further states that he wants an evidentiary hearing and "to be in court" and for every day after July 3, 2019 that he remains in custody "the 1 million doubles per day." [Doc. 23].

On July 3, 2019, Petitioner filed a "Motion of Rebuttal for Time Extension for the Government" ("Third Motion") [Doc. 24], which appears to be in response to the Court's June 25, 2019 text order instructing the Government in accordance with the Court's previous Order that the Government had until August 23, 2019 to respond to Petitioner's motion to vacate. Petitioner argues that:

> The Government doesn't need anymore time the government has had a year to prepare for this. This is a total violation of Mr. Ruff's 5th Amendment right to due process. The conduct to which Mr. Ruff was

4

charged and the charges themselves are violation of Mr. Ruff's rights. From the time the Supreme Court ruled that 924(c)3b [sic] is unconstitutionally vague as well as conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence. So the pro se litigant Timothy Lamont Ruff seeks 1 million dollars per day for punitive damages. For being held under an illegal sentence.[2]

[Id. at 1].

## II. ANALYSIS

### A. First Motion

Although the Petitioner captioned his First Motion as a "Motion for Resentencing," it appears in substance to be a motion to amend his motion to vacate to add another ground for relief. Namely, Petitioner states that he intends to "further challenge his illegal sentence that was based off the 924(c) charge" because the Government "never established a nexus" of the guns used in the alleged robbery to the guns found in Petitioner's possession, nor did the government establish that Petitioner ever knew or had possession of the guns that "[he was] charged with."[3] [Doc. 22 at 1].

---

[2] Petitioner also requests a copy of the docket sheet in this case [Doc. 24-2], which the Court will allow.

[3] Petitioner refers to his "illegal sentence." However, Petitioner was convicted on three counts. Two of them are not challenged. They each carry a statutory maximum sentence of 20 years. The sentence Petitioner received was less than such maximum sentence on the two undisputed counts (20 x 2 = 40 years). Thus, even if Petitioner prevails in this matter, his sentence is not "illegal."

5

Petitioner waived the right to collaterally challenge his criminal judgment in his plea agreement, except for claims of ineffective assistance and prosecutorial misconduct. [CR Doc. 45 at 4 (Plea Agreement)]. Now, it appears Plaintiff seeks to amend his petition to challenge whether he is factually innocent, as well as actually innocent, of the charge pursuant to 18 U.S.C. §§ 924(c) and 2, using a firearm in furtherance of a crime of violence, and/or aiding and abetting the same. Petitioner, however, admitted in the Plea Agreement that he was, in fact, guilty on the three counts for which he was criminally convicted – that he did, in fact, commit the acts alleged in the indictment. [CR Docs. 45 at 1; CR 68 at 1 (Criminal Judgment)]. At Plaintiff's Rule 11 Inquiry, he swore under oath that (1) he reviewed the Indictment with his attorney, he knew and understood each element of the offenses charged, and that if he were to plead not guilty "the government would be required to prove each element of the offense charged beyond a reasonable doubt;" and (2) he "enters the plea of guilty because he is in fact guilty of the crime charged, that he did commit the act(s) charged in the bill of indictment." [See CR Doc. 45 at 9, 11].

At Petitioner's sentencing hearing on March 26, 1997, the Petitioner stipulated that the evidence contained in the pre-sentence investigation report (PSR) establishes a factual basis to support a guilty plea by the

Petitioner. [CR Doc. 131 at 3 (Sentencing Transcript)]. The PSR provided in relevant part as follows:

> On 12/27/95, [Timothy] Ruff, Kelvin Lynch and Michael Brown went to the residence of Wiley Price to question Price about some bad marijuana he sold. Price stated nothing was wrong with the marijuana and that he would not refund their money. Ruff pointed a pistol at Price, pulled him into the house, and tied him up. Ruff proceeded to beat Price and threatened to kill Price and his dog. Meanwhile, at Ruff's direction, Lynch and Brown searched the house for drugs and money…. <u>Ruff, Lynch and Brown left the residence, taking with them a VCR, camcorder and a Boito, model BR-7, .20 gauge double barreled shotgun. Ruff and Brown later took the Boito shotgun to Harold Guest where the weapon was sawed off and a pistol grip added</u>.
> 
> …
> 
> In the early morning hours on 2/22/96, Timothy Ruff, Kelvin Lynch, Quon Moses, Harold Guest, Christy Bridges (age 17), and Lynn Hendricks were playing cards and smoking marijuana at Hendrick's apartment. <u>Ruff began telling the others he wanted to steal a car. Ruff, Lynch, Moses, Guest and Bridges began planning a robbery. They discussed several options, and finally decided on Robbs' Auto Shop</u>. Guest drew a diagram of the area. Bridges was directed by Ruff to enter the shop first to gather information and act as a decoy.
> 
> Around 9:00 a.m. that morning, Guest went to work at Kentucky Fried Chicken. Ruff, Lynch, Moses and Bridges proceeded to Robbs' Auto Shop. At approximately 9:45 a.m., Bridges entered the shop and approached Johnny Robbs on the pretense she was interested in purchasing a car. Robbs advised he was busy and requested she return in 15 minutes.

> At approximately 10:20 a.m., Ruff, Lynch, Moses and Bridges returned. Bridges entered the shop and she and Robbs proceeded to his office where they discussed the purchase of an automobile. Amos Norman, Robbs' friend, entered the office. Approximately 4 minutes later, Ruff, Lynch and Moses entered the shop. <u>Lynch pulled a sawed-off Boito, model BR-7, .20 gauge double barreled shotgun, out from under his coat and announced[,] "If anybody moves, I'll kill you, I'll blow you in two</u>." Ruff and Bridges forced Robbs and Norman to the ground…. Ruff and Bridges hog tied the men. Robbs was forced to reveal the location of the money and keys to the automobiles. Moses located and took possession of a bank bag containing $12,800 in cash and a Sundance, Boa, .25 caliber semi-automatic pistol. Bridges took keys to the automobiles on the lot. Lynch, armed with the shotgun, was standing watch by the door. Moses handed lynch a pair of scissors and Lynch stabbed Robbs three or four times in the chest, over the heart. Ruff then took the scissors[ ] and instructed Lynch to return to the door to stand watch, while Ruff repeatedly stabbed Robbs. Robbs was able to free a hand and attempted to intercede the oncoming stabs. Ruff then tied a rope around Robbs' neck, causing him to los consciousness. Ruff, Lynch, Moses and Bridges left the shop on foot. All four met at Hendricks' apartment, changed clothes, and split the money.[4]

[CR Doc. 110 at 5-6 (emphasis added)]. Based thereon, the Court found that there was a factual basis for Petitioner's guilty plea, accepted the plea,

---

[4] Co-Defendants Lynch and Moses were also charged with and pleaded guilty to the same counts as Petitioner, including violation of 18 U.S.C. §§ 924(c) and 2.

and entered a verdict of guilty thereon.[5] [CR Doc. 131 at 4].

The factual basis in Petitioner's case was plainly sufficient to support Petitioner's conviction under 18 U.S.C. §§ 924(c), 2.[6] See United States v. Blackman, 746 F.3d 137, 141 (4th Cir. 2014) (holding prosecution's evidence was "plainly sufficient" to support defendant's conviction for brandishing a firearm during and in relation to a crime of violence in violation of § 924(c) where the defendant's co-conspirators testified that he was privy to pre-robbery discussions that included explicit references to the use of a firearm, and that a firearm was brandished in the course of each robbery, despite defendant not being present for each robbery); United States v. Saunders, 277 Fed. App'x 264, 266 (4th Cir. 2008) (unpublished decision) (holding that conviction for possession of a firearm in furtherance of a drug trafficking crime was supported by evidence of co-conspirator's possession of firearm); United States v. Fuller, 192 Fed. App'x 210, 211 (4th Cir. 2006) (holding that evidence that defendant's co-defendant had gun in his possession at time he robbed bank, that co-defendant threatened to use gun, and that defendant knew that co-defendant was taking gun into bank, was sufficient

---

[5] None of Petitioner's objections to the factual basis were relevant to the issue herein before the Court. [See CR 131 at 6-7].

[6] Petitioner's arguments would appear to pertain more to the dismissed counts than to the 924(c) count of conviction. [CR Doc. 45 at 1; CR Doc. 68 at 1].

to support convictions of armed bank robbery and using, carrying, or possessing a handgun in further of the bank robbery as aider and abettor).

As such, to the extent Petitioner intends to amend his petition to argue that his counsel was ineffective in failing to object to the factual basis or to argue the facts did not support a conviction under 18 U.S.C. §§ 924(c), 2, or that Petitioner is, in fact, "factually innocent" of this crime, such amendment is futile. The Court also notes that the one-year statute of limitations for Petitioner's Section 2255 claims has long since expired and, without the gateway of actual innocence, Petitioner's claim based on ineffective assistance, to the extent he intends to make one, is barred. See Finch v. McCoy, 914 F.3d 292, 294 (4th Cir. 2019)

As such, any amendment of Petitioner's motion to vacate would be futile and the Court, therefore, will deny Petitioner's First Motion.

### B. Second Motion

In his Second Motion, the Petitioner seeks to be resentenced and requests an evidentiary hearing. He also advises the Court that he seeks $1 million for every day he is incarcerated beginning on June 24, 2019. As for Plaintiff's request to be resentenced, Petitioner's Section 2255 Motion to Vacate, Set Aside or Correct Sentence is already pending before the Court. The Government has been ordered to respond by August 23, 2019, at which

time the Plaintiff's motion to vacate will be ripe for adjudication. The Court will decide at that time whether an evidentiary hearing is necessary.

As for the monetary relief sought by the Petitioner, such relief is not available in Section 2255 proceedings. See 28 U.S.C. § 2255 ("If the Court finds that the judgment was rendered without jurisdiction, or that the sentence was imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.").

For these reasons, the Petitioner's Second Motion will be denied.

### C. Third Motion

To the extent Petitioner's Third Motion was intended as a motion to reconsider the Court's June 25, 2019 Order setting the Government's response deadline for August 23, 2019, the Court denies that motion. Based on the large number of cases impacted by the Supreme Court's consideration of Davis, the Government cannot address all of them immediately. This case, along with the others, was stayed pending the decision in Davis. Petitioner did not object to that stay. He cannot

11

reasonably object to the Government having a reasonable time to respond regarding the effect of Davis. This is particularly true considering that Davis is not only the new case impacting the questions herein. The recent decisions in United States v. Dinkins, --- F.3d --- (4th Cir. July 1, 2019), and Stokeling v. United States, 139 S. Ct. 544 (2019), may well impact the validity of Petitioner's § 924(c) conviction.

It appears that the remainder of Petitioner's Third Motion is duplicative of Petitioner's Second Motion and is denied as duplicative.

### ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Resentencing [CV Doc. 22], Petitioner's Motion for Resentencing [CV Doc. 23], and Petitioner's Motion of Rebuttal for Time Extension for the Government [CV Doc. 24] are **DENIED**.

The Clerk is respectfully instructed to send Petitioner a copy of the current docket sheet in this matter.

**IT IS SO ORDERED.**

Signed: August 13, 2019

Martin Reidinger
United States District Judge